WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Schroeder,<br><br>    Plaintiff,<br><br>vs.<br><br>M & I Bank, FSB, et al.,<br><br>    Defendants. | No. cv-08-2190-PHX-ROS<br><br>**ORDER** |

Pending before the Court is Defendant Folks & O'Connor, PLLC's Motion to Dismiss (Doc. 6). Folks & O'Connor argues that it is a trustee improperly joined as a defendant, and entitled to immediate dismissal pursuant to A.R.S. § 33-807 E, which states:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligations under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

Plaintiff does not dispute that Defendant was improperly joined as a trustee. He does, however, dispute that the attorney's fees requested by Defendant are "reasonable." He argues that Defendant was joined solely to ensure that the property would not be sold at the trustee's sale and that "[o]nce the Plaintiff [sic?] was able to confirm that the trustee's sale had been postponed, a simple phone call to Plaintiff's counsel could have accomplished the

requested dismissal of the case against Folks." Therefore, Plaintiff argues, drafting a Motion to Dismiss was not reasonable.

Plaintiff is incorrect. The statute states that the trustee is to be dismissed immediately; a motion to dismiss is the (or, at least, a) appropriate way to make sure the statute's mandate is fulfilled. Defendant's Motion is a mere five pages and there is no sign that Defendant's counsel unreasonably accrued legal fees in anticipation of recovery from Defendant. Nor did Defendant have, to this Court's knowledge, any reason to suspect Plaintiff welcome a request for dismissal after a phone call; the Complaint does not state so. Compounding the confusion, Plaintiff seems to argue that Defendant's counsel should have called his counsel, despite the fact that he was appearing *pro se* until well after this motion was filed. And, of course, Plaintiff could have made the same call before Defendant was obligated to file the Motion to Dismiss. Attorney fees are due under the statute.

Accordingly,

**IT IS ORDERED** Defendant's Motion is **GRANTED**. The Complaint against Folks & O'Connor is dismissed with prejudice.

**FURTHER ORDERED** Folks & O'Connor is awarded its attorney fees and costs pursuant to A.R.S. § 33-807(E). Folks & O'Connor shall submit documentation of these fees and costs in accordance with L. R. Civ. 54.2.

DATED this 16th day of July, 2009.

_____
Roslyn O. Silver
United States District Judge